# ORIGINAL



DOCKET#
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

**MAY 11 2010**

# TO the: District Court of the United States for the people of the Western District of Wisconsin

Edward Joseph Cycenas )
)
Plaintiff/Petitioner/Complainant )
)
vs. )
)
James P. Flanigan DBA JAMES P )
FANIGAN – BURNETT COUNTY )
ZONING ADMINISTARTOR )
)
Beverly Flanigan DBA BEVERLY )
FLANIGAN )
)
David L. Grindell DBA DAVID L )
GRINDELL- BURNETT COUNTY )
CORPORATE COUNCIL )
)
Donna Grindell DBA DONNA )
GRINDELL )
)
Candace Fitzgerald DBA )
CANDACE FITZGEARLD- )
BURNETT COUNTY )
ADMINISTRATOR )
)
)
Philip Lindeman DBA PHILIP )
LINDEMAN- BURNETT )
COUNTY BOARD CHAIRMAN )
)
Helen Lindeman DBA HELEN )
LINDEMAN )
)
Charles Awe DBA CHARLES )
AWE- DISTRICT 8 SUPERVISOR )
)
Tracy Finch DBA TRACY FINCH )
-BURNETT COUNTY DEPUTY )
SHERIFF )

$$10\ C\ 253\ BBC$$

[Case No._____]
Jury requested     Yes

Notice of Suit and Plaintiff's Suit in Recovery
by Verified Complaint against Defendants for
Defendants' Tort Trespass and/or
Deprivation of Rights, Enjoinment Therein;
Action in Ejectment (Unlawful Detainer).

Notice of Petition and Petitioner's Suit for
Ex Parte Young Style Relief from Unconstit-
utional Application of Color of STATE law.
(unconstitutional taking under 5th Amendment
and Palazzolo v Rhode Island)

Notice of Petition and Petitioner's Suit for letters
Writ of Execution (quiet title)  pursuant to
Private Law/Treaty/Grant of the United States
to effectuate the Duty of the United States
owed to Petitioner as Heir/Assign and against
Respondents' expanded Navigable Waterway's
claims under federal grant to the several state
Wisconsin and Respondents' junior claim
thereunder.

Contingent Notice of Complaint and
Complainant's Contingent Complaint
Against Respondents' Continuation of
Criminal Conspiracy as a corrupt Organization
(R.I.C.O. Act 18U.S.C. 1341, 1964)

1

| | |
|---|---|
| BURNETT COUNTY DBA county of | ) |
| Burnett (acting without proof of authority to act | ) |
| for the People of the common law county) | ) |
| | ) |
| Daniel Peterson DBA DANIEL | ) |
| PETERSON-TOWN OF DANIELS | ) |
| CHAIRMAN | ) |
| | ) |
| Karla Peterson DBA KARLA PETERSON | ) |
| | ) |
| Edward Fisher EDWARD FISHER-TOWN | ) |
| OF DANIELS SUPERVISOR | ) |
| | ) |
| Kelly Fisher DBA KELLY FISHER | ) |
| | ) |
| Timothy Tjader DBA TIMOTHY TJADER- | ) |
| TOWN OF DANIELS SUPERVISOR | ) |
| | ) |
| Donna Tjader DBA DONNA TJADER | ) |
| | ) |
| TOWN OF DANIELS DBA Daniels | ) |
| township (acting without proof of authority to | ) |
| act for the People of the common law township) | ) |
| | ) |
| Carl Lippert DBA CARL LIPPERT- | ) |
| DEPARTMENT OF COMMERCE | ) |
| WASTEWATER SPECIALIST | ) |
| | ) |
| Debbie Lippert DBA DEBBIE LIPPERT | ) |
| | ) |
| | ) |
| Defendant(s)/Respondent(s) | ) |

# Verified Complaint

Parties

    a.  Plaintiff

        Edward Joseph Cycenas
        7507 Woodland Estates Road
        Burnett County
        Siren, Wisconsin
        715-349-5323

Defendant(s)

a.  James P. Flanigan
    Beverly Flanigan
    23889 1st Ave.
    Siren, WI 54872

b.  David Grindell
    Donna Grindell
    9460 Elbow Lake Road
    Siren, WI 54872

c.  Candace Fitzgearld

    7410 County Rd K
    No. 116
    Siren, WI 54872

d.  Philip Lindeman
    Helen Lindeman
    22760 Bakker Road
    Shell Lake, WI 54871

e.  Charles Awe

    23927 Old 35
    Siren, WI 54872

f.  Tracy Finch
    210 E. James Ave.
    Grantsburg, WI 54840

g.  BURNETT COUNTY INC.
    C/O Burnett County Clerk
    7410 County Rd. K
    No. 105
    Siren, WI 54872

h.  Daniel Peterson
    Karla Peterson
    8743 Waldora Rd.
    Siren, WI 54872

i.  Edward Fisher
    Kelly Fisher
    8570 Waldora Rd.
    Siren, WI 54872

j.  Timothy Tjader
    Donna Tjader
    8783 Daniels 70
    Siren, WI 54872

k.  TOWN OF DANIELS
    C/O Ellen Ellis
    8713 Daniels 70
    Siren, WI 54872

l.  Carl Lippert
    Debbie Lippert
    County Rd. T
    P.O. Box 1214
    Hayward, WI 54843

3

PRÆCIPE

Comes now Edward Joseph Cycenas, Plaintiff/Complaintent/ Petioner hereinafter

Plaintiff appearing, and by Plaintiff's appearance certifying;

That I, for Myself do this action, and state that all facts herein, are true, correct, and

materially complete to the best of My ability, based on firsthand-knowledge and/or

information-and-belief such that no man of a reasonable mind can be left with doubt;

and, I affirm that I do here-in under the pains and penalties of perjury pursuant to the

Laws of the United States of America, expressly with-out the UNITED STATES (Federal

Zone) and further, I affirm, that I am of lawful age and competent to testify.

## Request for Consideration

Plaintiff requests the consideration of this Court as to Claim/Complaint/Petition

proceeding In Propria Persona, without the aid of licensed counsel, pursuant to the rule

of law established in *Hughes v. Rowe*, 449 U.S. 5, 9; 101 S. Ct. 173, 176 (1980).

[As the Court unanimously held in *Haines v. Kerner*, 404 U. S. 519, (1972), a *pro

se* complaint, "however inartfully pleaded," must be held to "less stringent standards than

formal pleadings drafted by lawyers," and can only be dismissed for failure to state a

claim if it appears "*beyond any doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief.*" *Id. at* 449 U. S. 520-*521, quoting Conley

v. Gibson*, 355 U. S. 41, 355 U. S. 45-*46 (1957).* ]

<u>Jurisdiction</u>

The Jurisdiction of this court is invoked under Title 42 USC 1983 and others

listed above, pursuant to Title 28 USC 1331 and alternatively or also under 1332; thus,

and *Ex Parte Young* 209 U.S. 123, 160 [i], ***State of Wisconsin v. Baker*** 698 F.2d 1323 (7th

Cir. 1983)[ii], and pendant state law claims under ***United Mine Workers v Gibbs 383*** U.S.

715 (1966)[iii] This Plaintiff has exhausted reasonable administrative process and is now

due judgment against Defendants (defendants having defaulted).

<u>Defendants'</u>

1) That Defendant, James Flanigan, hereinafter "FLANIGAN", a natural person,

along with Beverly Flanigan, with a principle place of residence at: 23889 1st Ave,

SIREN, WI 54872 and DBA JAMES FLANIGAN, purporting authority as a "Zoning

Administrator" is/was at all relevant times duly-appointed, under oath, and subject to

a duty to perform, and DBA BEVERLY FLANIGAN, "Domestic Partner"; and,

2) That Defendant, David Grindell, hereinafter "GRINDELL", a natural person,

along with Donna Grindell, with a principle place of residence at: 9460 Elbow Lake

Road , SIREN, WI 54872 and DBA DAVID GRINDELL, purporting authority as a

"Corporate Counsel", is/was at all relevant times duly-appointed, under oath, and

subject to a duty to perform and DBA DONNA GRINDELL, "Domestic Partner";

and,

3) That Defendant, Candace Fitzgearld, hereinafter "FITZGEARLD", a natural

person, with a principle place of employment at: 7410 County Road, K, #116,

SIREN, WI 54872 and DBA CANDACE FITZGEARLD purporting authority as a

"Administrator/Human Resources Director" is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform; and,

4)   That Defendant, Philip Lindeman, hereinafter "LINDEMAN", a natural person, along with Helen  Lindeman, with a principle place of residence at: 22760 Bakker Road, SHELL LAKE, WI 54871 and DBA PHILIP LINDEMAN, purporting authority as a "County Board Chairman", is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform and DBA HELEN LINDEMAN, "Domestic Partner"; and,

5)   That Defendant, Charles Awe, hereinafter "AWE", a natural person, with principle place of residence at: 23927 Old 35, SIREN, WI 54872 and DBA CHARLES AWE purporting authority as a "District 8 Supervisor" is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform; and,

6)   That Defendant, Tracy Finch, hereinafter "FINCH", a natural person, with principle place of residence at: 210 East James Ave, Grantsburg, WI 54840 and DBA TRACY FINCH purporting authority as a "Burnett County Deputy Sheriff" is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform; and,

7)   That Defendant, BURNETT COUNTY, hereinafter "BURNETT COUNTY", with a principle place of business at:  7410 County Road K, # 105, SIREN 54872 and DBA BURNETT COUNTY purporting authority as a "common law county of Burnett, several state Wisconsin, of and for the several state citizens and freeholders of land of the republic"; and,

8)   That Defendant, Daniel Peterson, hereinafter "PETERSON", a natural person,

6

along with Karla Peterson, with a principle place of residence at: 8743 Waldora Road, SIREN, WI 54872 and DBA DANIEL PETERSON, purporting authority as a "TOWN OF DANIELS Chairman", is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform and DBA KARLA PETERSON, "Domestic Partner"; and,

9)  That Defendant, Edward Fisher, hereinafter "FISHER", a natural person, along with Kelly Fisher, with a principle place of residence at: 8570 Waldora Road, SIREN, WI 54872 and DBA EDWARD FISHER, purporting authority as a "TOWN OF DANIELS Supervisor", is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform and DBA KELLY FISHER, "Domestic Partner"; and,

10)  That Defendant, Timothy Tjader, hereinafter "TJADER", a natural person, along with Donna Tjader, with a principle place of residence at: 8783 Daniels 70, SIREN, WI 54872 and DBA TIMOTHY TJADER, purporting authority as a "TOWN OF DANIELS Supervisor", and is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform DBA DONNA TJADER, "Domestic Partner"; and,

11)  That Defendant, TOWN OF DANIELS, hereinafter "TOWN OF DANIELS" with a principle place of business at: 8713 Daniels 70, SIREN, WI 54872 and DBA TOWN OF DANIELS purporting authority as a "common law town of DANIELS, several state Wisconsin, of and for the several state citizens and freeholders of land of the republic; and,

12) That Defendant, Carl Lippert, hereinafter "LIPPERT", a natural person, along with Debbie Lippert, with a principle place of residence at: County Road T, P.O. Box 1214, HAYWARD, WI 54843 and DBA CARL LIPPERT, purporting authority as a

"Department of Commerce Wastewater Specialist", is/was at all relevant times duly-appointed, under oath, and subject to a duty to perform and DBA DEBBIE LIPPERT, "Domestic Partner".

## Statement of Claim

Comes now Plaintiff, Edward Joseph Cycenas, a unembarrassed Freeholder of land and private citizen of the several state Wisconsin, claiming/complaining /petitioning against all Defendants' in their PERSONAL and Official capacities as employees/agents/officials (or DOMESTIC PARTNERS of the same) of federal SUBJECT corporation(s), and against the same as federal Subjects/Citizens (diverse from state citizens) for Deprivations of Rights secured to this Plaintiff/Petitioner/Complainant by federal law/treaty contract (Exhibit A, a copy of which is attached and heretofore incorporated),( *Onieda Indian Nation of N.Y. v County of Onieda* 414 U.S. 661, 666[IV], ) and by the God given rights secured by, and enumerated and/or *res juticata* cognizable under, the Constitutional of the United States of America; and,

## Background/Facts

1) That on or about February 5, 2003 a Title 35 suit was filed in Federal Court and appealed to the UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT resulting in a unpublished opinion; and, The Appeal was Numbered 03-2741; and, James Flanigan and David Grindell were named as Defendants' in that case; making public notice of all facts and claims thereunder and such knowledge survived and survives even though said case was wrongfully dismissed for non-cognizability under

8

Title 35 [such that a subsequent wrongful dismissal and/or "Unpublished "opinion"

should, by a jury, be considered an act of a "corrupt organization" pursuing a pattern of

activities coconspirator in nature enjoining w/ corrupt county officials)]; and,

2) That on September 26, 2003 Defendant James Flanigan sent a letter (exhibit B, a copy

of which is attached and heretofore incorporated) stating a sanitary permit was required

and a Wisconsin Licensed Plumber must secure the permit [tolling the first of the

ongoing pattern of activities against this Plaintiff as retribution for claiming of lawful

rights granted under United States of America patent land grant, and having been labeled

an anti-government sort (a discrimination/retribution on the basis of alleged political

views/claim of rights)]; and,

     a)   That, after reading and investigating the Defendants' allegations in (2) above

    and basis for the Dept of Commerce Regulations set forth in the letter, it is clear

    and unequivocal that these requirements are ONLY for those practicing

    commercial Plumbing as a Licensed Trade and thus exercising a privilege; and,

     b)   That, after reading and investigating the Defendants' allegations in (2) above

    and basis for the Dept of Commerce Regulations set forth in the letter, it is clear

    and unequivocal that these requirements ONLY  pertain to Navigable Waterways

    under the alleged Jurisdiction of the WISCONSIN DEPARTMENT OF

    NATURAL RESOURCES as a related agency of the WISCONSIN

    DEPARTMENT OF COMMERCE and fact to authorize/empower Defendants'

    corporation(s) with/any legitimate authority to restrict the common man

    constituency of the several state Wisconsin (***United States v Oregon***, 295 U.S. 1,

    28 (1935)[v]; and,

c)      The letter referenced in (2) above bears a clear postmark clearly showing that it was deposited in the U.S. Mails and is a fraudulent claim appearing, and later falsely, as an unlawful infringement against a non-plumber, freeholder of land and assign of a land grant made patent securing the rights infringed thereby against all claims of the government and those making junior claims there under (*Hale v. Hinkel* 201 U.S. 43, 74-75)[vi]; and,

d)      Depositing of Fraudulent Claims in the U.S. Mails is Mail Fraud and a federal offense constituting a basis for R.I.C.O. Act prosecution; and,

e)      Many of the Defendants' have had prior notice and warnings regarding the activities listed in (a-d) above such that they knew or should have known that they were and did and continued federal crimes and felony cloud of title rights; and,

f)      That this pattern of activities has been blatant, ongoing, persistent, malicious, unwarranted, abusive, threatening, terroristic, harassing, defamatory, and like, so as to cause injury to property, reputation, financial health, bodily health, and constitute the infliction of emotional distress by the Defendants' either through their intent or by their negligence; and,

g)      The Defendants' having admitted such and failed or refused to cease; this Plaintiff is now due injunctive relief under the principles set forth in (*Ex Parte Young Young* 209 U.S. 123, 160)[vii]; and,

10)      That almost six years have passed since the issuance of the first letter by Defendant James Flanigan and the Defendants'claims to proper authorities  to impair the efficacy of the patent land grant or the use and enjoyment of the property by the grantee under any STATE law (*Packer v Bird* 137 U.S. 661, 669 (1891)[viii]); and,

11)_   That on June 19, 2009 Defendant James Flanigan sent a letter stating "no sanitary

permit was issued" and that this Plaintiff was not in compliance with BURNETT

COUNTY Sanitary Code. (exhibit C, a copy of which is attached and heretofore

incorporated)after refusing to prove jurisdiction/authority ("jurisdiction/authorized to act

cannot be assumed  or presumed but must be proven" ; and,

12)   That on July 6 2009, This Plaintiff sent a Notice Of Trespass to the Defendant(s).

(exhibit D, a copy of which is attached and heretofore incorporated); and,

13)   That on August 4, 2009 Defendant James Flanigan allegedly obtained an alleged

"SPECIAL INSPECTION WARRANT" misused (use limited to those licensed plumbers

holding commercial licenses from the STATE) against this Plaintiff (exhibit E, a copy of

which is attached and heretofore incorporated) without required attachments of any thing

which would be construed as an Affidavit of Probable Cause and said alleged warrant

was without Official Seal of any court with valid Jurisdiction (and Defendants' James

Flanigan, came onto Plaintiff's private property under Color of Authority/Law with two

others, namely Defendants': Tracy Finch and Carl Lippert (ref: *See v City of Seattle*, 387

U.S. 541; 87 S Ct 1737[ix]) and left the alleged "SPECIAL INSPECTION WARRANT"

with elderly convalescing overwrought parent caretakers; and, Plaintiff's father was

suffering from late stage terminal cancer and died on September 29, 2009; and, This

action by Defendant James Flanigan placed undo emotional distress upon Plaintiff by

Defendants' acts against loved ones (whether intentional infliction or grossly negligent in

nature) Plaintiff believes such was to harass Plaintiff as Defendant Flanigan clearly

knows Plaintiff's regular place of work being only 400 feet from Defendant Flanigan's

front door; and,

11

14)    After Defendants' JAMES FLANIGAN, TRACY FINCH, and CARL LIPPERT

had trespassed upon Plaintiff's private land claim under color of Authority/law/Warrant

the same did conduct an Unlawful Search in violation of the Due Process rights of the

Plaintiff and in violation of the 5th Amendment to the Constitution of the United States

of America. (Ref: *See v. City of Seattle* 387 U.S. 541; 87 S Ct. 1737), "Probable Cause"

is the determination of a neutral magistrate, the Magistrate, having been given all

pertinent facts known to the Officer and the Facts having been sworn under (proper) Oath

(**Mally v Briggs** 475 U.S. 335 (1986) and in the above referenced warrant proceedings

the Office (James Flanigan) knew of the Land Grant made patent and it's effects together

with other fact which made his commercial plumbers regulatory enforcement a bogus and

vindictive harassing false claim fraud upon the COURT and inducement of the issuance

of a VOID and UNENFORCABLE color of WARRANT granting no power to anyone

and failing or refusing to properly inform the court (Subversion of Evidence); and,

15)    That on October 30, 2009 Defendant James Flanigan sent a letter by U.S. Mail

(Mail Fraud), alleging a violation had occurred and that a "citation" was attached,

(exhibit F, a copy of which is attached and heretofore incorporated) No citation was

attached or accompanied this letter as stated; and

16)    That on November 18, 2009 Defendant James Flanigan sent by U.S. Mail (Mail

Fraud) a letter with a "citation" accompanying it, for installing a private waste treatment

system (exhibit G, a copy of which is attached and heretofore incorporated) The third

sentence states in part "we are only issuing one citation at this time." (*18 USC 241*

Conspiracy) The attached citation in the lower right hand corner threatens to charge

Plaintiff $500.00 per day until Plaintiff complies.(18 USC 241 Extortion); and

17)      That on November 25, 2009 this Plaintiff returned "citation" (presentment) for

fraud/mistake {as under U.C.C. 3-501(b)(3) Provided Notice to Defendants' James

Flanigan, Beverly Flanigan, David Grindell, Donna Grindell, Candace Fitzgearld, Philip

Lindeman, Helen Lideman, Charles Awe, Tracy Finch, BURNETT COUNTY, Daniel

Peterson, Karla Peterson, Edward Fisher, Kelly Fisher, Timothy Tjader, Donna Tjader,

TOWN OF DANIELS, Carl Lippert, Debbie Lippert, as put forth on attachment (exhibit

H, a copy of which is attached and heretofore incorporated) as well as informing

Defendants' of the true nature of the references Defendants' had misused to create a

deprivation of this Plaintiffs private property land rights under color of law; and, to put

forth the true and unequivocal private claimant rights of this Plaintiff and the

penalties(s)/Fee(s)/Fine(s) applicable for the Defendants'

trespass/infringement/deprivation; and, billing Defendants' for the same; and,

18)      That on December 15, 2009, Plaintiff did cause to be delivered to Defendants'

by third party, Allan Kirby, a "Notice of Default and Default" (exhibit I, a copy of which

is attached and heretofore incorporated); and,

19)      That on February 18, 2010 this Plaintiff along with witness/server Charles

Langdon went to the BURNETT COUNTY CLERK OF COURTS and requested a copy

of the alleged "SPECIAL INSPECTION WARRANT"; and, Plaintiff and witness

watched as the clerk searched her office and after some time exited her office, crossing

the hall and entered the office of the Corporate Council, returning from the Corporate

Council's office (not the secretaries office) with a sheet of paper and returned to the Clerk

of Courts office, where upon Plaintiff witnessed Clerk authenticate the paper and gave it

to this Plaintiff, the paper was titled "RETURN OF ADMINISTRATOR" but did not

contain a "within" warrant nor was any warrant attached thereto and incorporated therewith such that would make clear what warrant anyone was talking about; and, a miscellaneous paper marked "AFFIDAVIT" (exhibit J, a copy of which is attached and heretofore incorporated) was also found but neither it nor the "RETURN" were identified as any case/cause specifically denoting a valid court matter nor attachment thereto; and, the "AFFIDAVIT" which mentions an exhibit had none; and, It took over twenty minutes for the clerk to find the alleged "RETURN OF ADMINISTRATOR" and alleged "AFFIDAVIT" and neither was with the other nor any supporting documents that seemed to be referenced in the bodies of the writings; In short: the entire mess failed to amount to any proper procedure that could amount to a valid applicable Search Warrant protecting the Due Process rights of this Plaintiff.(*Shively v Bowlby* 152 U.S. 1, 9-1[x] Defendant(s) FINCH and LIPPERT under Color of Authority (when two or more go upon the highway or the property of others) accompanied Defendant James Flanigan onto Plaintiff's private property.(criminal TRESPASS, Ref: *See v City of Seattle* 387 U.S. 541; 87 S Ct 1737); and,

20)      That Defendant Tracy Finch a BURNETT COUNTY DEPUTY SHERIFF, is required by Oath of Office to "uphold the Law" and such an Oath requires FINCH to know the law and to uphold the law and thus Defendant Finch knew or should have known what is and isn't a proper Warrant; and, FINCH owes a duty to this Plaintiff not only to ignore unlawful "SPECIAL INSPECTION WARRANTS" to inspect licensed plumbers' commercial work being unlawfully applied to deprive private property rights but to protect private landowners from Tort Trespass and Tyranny by self serving vindictive "public Servants" using their office to exact their revenge on the private

common man standing against tyranny.  FINCH thus committed conspiracy to Deprive

rights and Breach of Oath and the Public's Trust and blatantly disregarded the common

law (criminal trespass and *See v City of Seattle* 387 U.S. 541; 87 S Ct 1737); and,

21)     That on February 26, 2010 Notice of Motion and Motion to Dismiss for No

Cognizable Claim was filed by this Plaintiff in BURNETT COUNTY CLERK OF

COURTS. (exhibit K, a copy of which is attached and heretofore incorporated); and,

22)     That on March 1, 2010 this Plaintiff received from Burnett County Circuit

Court by mail (Mail Fraud) a letter requesting Defendant DAVID GRINDELL, Burnett

Corporate Council to provide a response to Plaintiff's Motion to Dismiss. (exhibit L, a

copy of which is attached and heretofore incorporated); and,

23)     That on March 11, 2010 this Plaintiff received in the mail from BURNETT

COUNTY CIRCUIT COURT PLAINTIFF'S BRIEF IN RESPONSE TO

DEFENDANT'S MOTION TO DISMISS (exhibit M, a copy of which is attached and

heretofore incorporated); and, In said BRIEF Defendant David Grindell states that

Counties are "creature(s) of the State" and "can sue or be sued." Defendant Grindell

admits the existence and effects the Federal Land Grant made Patent put forth by this

Plaintiff by Grindell's failure to timely deny the sworn and verified claims of this Plaintiff

or put forth a higher and better claim (which would have amounted to another felony

cloud of title) to the rights to Plaintiff's land or any right thereof (such as *inter alia* right

to exclude)[*State of Wisconsin v Baker* 698 F.2d 1323,1327 [xi], *United States v Stone* 65

U.S. 525[xii]]; and, Defendant Grindell misquotes by referencing, Trezevant, as (Trezevant

was dealing with the high water marks of the Mississippi River and the Historical

Navigable Waterways of the United States) Defendant Grindell admits, for himself and

co-conspirators that Defendants, claim based in Navigable Waterways, even more the

Platt Book of BURNETT COUNTY clearly shows this Plaintiff's private property at the

TOWN OF DANIELS (exhibit N, a copy of which is attached and heretofore

incorporated), that there is no Navigable Waterways on said private property; and,

24)     Defendant David Grindell,. CORPORATE COUNCIL for BURNETT COUNTY,

being a court official and occupying a position requiring an oath and thus presumed to be

subject to such Oath (or being in felony misprision of office) should have rallied against

other DEFENDANTS unconstitutional equitable "public interest" claim by the

Defendants instead of co-conspiring with them to aid and abet the continuation of the

Defendants' trespass/infringement; and, "[i]f there is wrongdoing in government, it must

be exposed....[The government lawyer's] duty to the people, the law, and his own

conscience requires disclosure...." (e.g. : *In Re: **Bruce Lindsey*** 158 F.3d 1263 (D.C. Cir.

1998) ). The government lawyer is even more obligated not to participate in allowing

further infringement to occur; and,

25)     That on March 22, 2010 this Plaintiff filed NOTICE OF MOTION AND

MOTION FOR ORDER GRANTING DISMISSAL (exhibit O, a copy of which is

attached and heretofore incorporated). In said MOTION are the admissions of the

Defendant(s); and now put forth in this Court as Admissions; and

26)     That only a Wisconsin Licensed Plumber can obtain a permit (exhibit P, a copy of

which is attached and heretofore incorporated); and.

27)     That this Plaintiff reserves the right to enjoin the entire BURNETT COUNTY

BOARD OF SUPERVISORS in this action; and,

28)      That BURNETT COUNTY and TOWN OF DANIELS had every opportunity to

dismiss James Flanigan after this Plaintiff's 2003 suit and the facts and proofs established

and sworn-to/verified there-in as a beginning of a pattern of unlawful and harassing

activities in deprivation of this Plaintiff's rights; and,

29)      That Defendant officials/supervisors of TOWN OF DANIELS occupying the

position of governance rightfully belonging to the freeholders of land at Daniels township

owed and owe a duty not to infringe but to protect against government infringement of

rights by tyrants, trespassers, infringers, highwaymen; and,

30)      Plaintiff reserves the Right to modify, rewrite, or otherwise amend for

deficiencies in claim should any need arise.


## Request for Relief

1)      Plaintiff request Ex Parte young type relief against all Defendants' further claims

that would allow the Defendants to use there rule to "impair the efficacy of the grant or

deny the use and enjoyment of the land by the Plaintiff as grantee" (Packer v. Bird) any

lawful purpose nor allow any defendant to use equitable proceedings against imaginary

CORPORATE PERSONS resembling this Plaintiff to impair this Plaintiff's lawful rights;

and,

2)      Plaintiff request DECLARITORY JUDGEMENT that grants of the United States

to Navigable Waterway's Rights granted the state of Wisconsin do not extend beyond the

normal high water mark such that the federal corporation STATE OF WISCONSIN and

those claiming junior interests thereto may not use them to make claims onto land ½ mi

away and 75+ feet up to deprive the plaintiff as grantee of a federal grant Plaintiff's right

to the free and unfettered use of the land for a home, along with necessary and prudent

homestead activities including, *inter alia,* bodily relief that the Homestead Act clearly

was intended to provide the grantee; and,

3)      Issue such ORDERS for Defendants to, instanter, pay Plaintiff damages of 2.7

million dollars per Defendant and continuing to grow at $10,000.00 per day per

Defendant, (for Court calculations from Public Notice, exhibit Q, Starting from August 5,

2009, x days to settlement x $10,000.00 per day x Number of Defendants' equals total

damages due Plaintiff), such damages being now due and admitted by Defendants from

August 5, 2009, see (25 above, Exhibit N, number u, v, w) and including the date of

payment and delivery of written evidence of Defendant's documented certification of

defendants quitting or all claims (I.E. a Quit Claim Deed); and,

4)      In the event Defendants fail or refuse to immediately pay and cease and desist

infringement, Plaintiff requests the Court empanel a jury to decide punitive damages for

willful continuation and determinations of liability of defendants under criminal R.I.C.O.

Act; and,


5)      To ORDER such Relief by Federal Marshal Services as shall secure Plaintiff's

Claims for unpaid fees/fines/damages put forth in relief 3 above and against Defendants'

PERSONS and PROPERTIES pursuant to Plaintiff's common law right of Lis Pendens,

such relief as may be available under Rule 64 (i.e. seizure of: Defendants' PERSONS by

arrest, attachment of assets, garnishment, replevin, sequestration, and any other relief

against Defendants and for the benefit of Plaintiff's recovery of Plaintiffs due relief.

## JURAT

Comes now Edward Joseph Cycenas, unwillingly made trustee of the trust EDWARD J

CYCENAS stating, that all facts herein, are true, correct, and materially complete to the

best of my ability, based on firsthand-knowledge and/or information-and-belief and I

affirm that I do so here-in under the pains and penalties of perjury pursuant to the Laws

of the United States of America, expressly with-out the UNITED STATES (Federal

Zone). Further I affirm that I am of lawful age and competent to testify.

Dated and respectfully forwarded this _8th_ May, 2010

Without prejudice or presumption to any of my rights.

_Edward Joseph Cycenas_

Edward Joseph Cycenas, Sui Juris, Plaintiff (red ink, Original)

State of Wisconsin

County of Burnett

On May _8th_,2010, Edward Joseph Cycenas came before me, _Kerry D. Brendel_

Notary Public, under oath and known to me to be the one whose name is subscriber to the
within instrument and acknowledged to me that he executed the same, and that by his
signature on the istrument he did so act and executed the instrument true and correct.

Witness my hand and official seal.

My commission expires _February 12, 2012_

KERRY D. BRENDEL
Notary Public
State of Wisconsin