IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD JOSEPH CYCENAS,

                              ORDER

           Plaintiff,

                              10-cv-253-bbc

    v.

JAMES FLANIGAN, BEVERLY FLANIGAN,
DAVID L. GRINDELL, DONNA GRINDELL,
CANDACE FITZGERALD, PHILIP LINDEMAN,
HELEN KINDEMAN, CHARLES AWE,
TRACY FINCH, BURNETT COUNTY,
DANIEL PETERSON, KARLA PETERSON,
EDWARD FISHER, KELLY FISHER,
TIMOTHY TJADER, DONNA TJADER,
TOWN OF DANIELS, CARL LIPPERT,
and DEBBIE LIPPERT;

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered May 14, 2010, I directed plaintiff to serve his complaint on the defendants and file proof of service by July 23, 2010. In addition, I sent plaintiff a memorandum describing the procedure to be followed along with blank waiver of service of summons forms for each defendant. Now, plaintiff has filed a request for issuance of summons along with postage receipts and a document indicating that although he has tried to obtain a waiver of service from defendants, they have not returned the waiver forms.

1

Also, plaintiff has filed a "Notice of Motion/Petition" in which he asks the court to grant an "immediate preliminary stay/injunction" against Kenneth L. Kutz and the Circuit Court for Burnett County. I will construe the "Notice" as a motion for preliminary injunction brought under Fed. R. Civ. P. 65(a).

Plaintiff's request for the clerk of court to issue summons forms will be granted. (I note that plaintiff's submission is titled "Proof of Service," but he alleges that service has *not* been accomplished because defendants have not returned the waiver forms.) Because plaintiff avers that he has not received signed waiver forms from any of the defendants and more than 30 days have passed from the date plaintiff mailed the requests for waivers, I will direct the clerk to issue the summons forms plaintiff requests. Plaintiff is reminded that because he is a party to this lawsuit, he cannot deliver the summons and complaint to the defendants personally. Instead, he must arrange for service by someone who is not a party to the lawsuit and who is over the age of 18 years of age. Fed. R. Civ. P. 4(c)(2).

Next, I cannot consider plaintiff's motion for injunctive relief at this time because his submissions do not comply with this court's procedures for obtaining a preliminary injunction. In particular, plaintiff has not submitted admissible evidence to support his requests for an injunction and he has not proposed facts in reliance on such evidence. Therefore, I will deny his motion without prejudice because he has failed to follow this court's procedures for obtaining injunctive relief. Those procedures are set out in a document titled Procedure To Be Followed On Motions For Injunctive Relief, a copy of

which is included with this order.  Plaintiff should pay particular attention to those parts of the procedure that require him to submit proposed findings of fact in support of his motion and show what admissible evidence in the record supports each factual proposition.

Even if plaintiff refiles his motion in accordance with the court's procedures on motions for injunctive relief, he should know that he cannot obtain injunctive relief on issues that he did not raise in his complaint.  The parties from whom plaintiff seeks an injunction are not named as defendant to this lawsuit.  Plaintiff cannot ask for injunctive relief from unnamed defendants.

ORDER

IT IS ORDERED that

1.  Plaintiff Edward Joseph Cycenas's motion for injunctive relief, dkt. #4, is DENIED.    2.  The clerk of court is directed to issue summons forms and return them to plaintiff for service on the defendants.   Plaintiff may have until August 23, 2010, in which to file proof of service of his complaint on defendants by returning a copy of the summons form showing the name of the person who completed service, the place where service occurred and the manner of service.  If plaintiff does not file the proof of service or explain why he could not serve the defendants by August 23, 2010, I will order him to explain why his case should

3

not be dismissed for lack of prosecution.

    Entered this 24th day of June, 2010.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge