IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD JOSEPH CYCENAS,

                    Plaintiff,

    v.

JAMES FLANIGAN, BEVERLY FLANIGAN,
DAVID L. GRINDELL, DONNA GRINDELL,
CANDACE FITZGERALD, PHILIP LINDEMAN,
HELEN KINDEMAN, CHARLES AWE,
TRACY FINCH, BURNETT COUNTY,
DANIEL PETERSON, KARLA PETERSON,
EDWARD FISHER, KELLY FISHER,
TIMOTHY TJADER, DONNA TJADER,
TOWN OF DANIELS, CARL LIPPERT,
and DEBBIE LIPPERT;

                    Defendants.

ORDER

10-cv-253-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Edward Joseph Cycenas is suing 19 different defendants in this case about a dispute over a sanitation permit. Each of the defendants has joined one of four motions filed to dismiss the complaint for failure to state a claim upon which relief may be granted.

      Most of plaintiff's complaint consists of legal arguments, citations and conclusions,

1

but one can understand the gist of his claims through the attachments to the complaint. <u>Centers v. Centennial Mortgage, Inc.</u>, 398 F.3d 930, 933 (7th Cir.2005) (documents attached to complaint become part of it and may be considered by court). Plaintiff alleges that defendant James Flanigan, the zoning administrator for Burnett County, sent plaintiff a letter in 2009 informing him that he needed a permit to install an "onsite waste treatment system" for his home. When plaintiff failed to obtain a permit, Flanigan obtained a "Special Inspection Warrant" from the Circuit Court for Burnett County to determine whether plaintiff's property "compl[ies] with the Burnett County Sanitary Code 15.07(1) and appropriate requirements of the Wisconsin Administrative Code." After defendants Tracy Finch, Carl Lippert and Flanigan executed the warrant, Flanigan issued a citation for installing a "private onsite waste treatment system without [a] permit."

Plaintiff raises a number of legal challenges to the inspection of his property, but none of them is sound. Accordingly, defendants' motions to dismiss will be granted.


OPINION

The key question in this case is whether defendant Flanigan violated plaintiff's constitutional rights by inspecting his property for compliance with the Burnett County sanitation code. Plaintiff raised a similar claim several years ago and lost. <u>Cycenas v. Stoner</u>, 88 Fed. Appx. 954, 2004 WL 422624 (7th Cir. Mar. 5, 2004). Although the story is the

same, claim preclusion does not apply because this case involves a new inspection and citation.

Like his complaint, plaintiff's briefs contain much unnecessary legalese and irrelevant argument, along with childish and inflammatory language. Plt.'s Br., dkt. #31, at 5 ("The Court need not consider the Defendants' Mischaracterizations nor their inability to read."); Plt.'s Br., dkt. #32, at 5 (accusing defendants of "fraud upon the courts"); Plt.'s Br., dkt. #30, at 7 ("For all this Plaintiff Knows Jimmy Flanigan Swore his oath, not under penalty of perjury, but to the Devil himself."). However, he seems to be challenging the inspection on five grounds: (1) he has a federal land patent, which gives him an absolute right to keep everyone off his property, including government officials; (2) defendants' actions constitute a "taking" of his property under the Fifth Amendment and a violation of his right to due process; (3) the sanitation code does not apply to his land;(4) defendants did not have probable cause to search his property; and (5) the warrant was invalid because it did not bear the "Official Seal of any court with valid jurisdiction" and was not accompanied by an affidavit. I will address each of these arguments in turn.

With respect to plaintiff's first argument, he seems to believe that a federal land patent means that his property is a sovereign nation, untouched by the laws that apply to everyone else around him. Plaintiff is wrong. "A 'land patent' is equivalent to fee simple ownership," Van Zelst v. CIR, 100 F.3d 1259, 1261 (7th Cir. 1996), which means that land

3

acquired by patent is subject to regulation like any other piece of land. A fee simple ownership includes the "right to exclude" others from the property, but it does not give the land owner immunity from the law.

Plaintiff's claims under the takings clause and the due process clause are equally meritless. A "taking" under the Fifth Amendment does not occur unless there is "a permanent physical occupation of real property," Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 427 (1982), or "all economically beneficial or productive use of land" is denied. Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992). Plaintiff does not allege that either of these things happened in this case.

The due process clause is not implicated unless there is a deprivation of life, liberty or property. Plaintiff was not "deprived" of his land simply because some of the defendants inspected it. Although plaintiff was fined for failing to obtain a permit, he does not identify any additional procedures he should have received related to the fine.

Plaintiff's argument about the scope of the Burnett County sanitation code is puzzling. Under those ordinances, homeowners must obtain a permit before installing a "private on-site wastewater treatment system." Burnett County Private Sewage System Ordinance § 15.14(1)-(2). The county defines this term the same as the state defines "private sewage system": "a sewage treatment and disposal system serving a single structure with a septic tank and soil absorption field located on the same parcel as the structure." Wis. Stat.

4

§ 145.01(12). The sanitation code applies to "*every* private on-site wastewater treatment system," § 15.14(1) (emphasis added), not just to property near "Navigable Waterways" or to "licensed plumbers," as plaintiff says in his complaint.

Plaintiff's argument that defendants lacked probable cause is misplaced because defendants did not *need* probable cause. When a municipality authorizes a search "aimed at securing . . . compliance with minimum physical standards for private property," the warrant requirement of the Fourth Amendment applies. Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 535 (1967). See also See v. City of Seattle, 387 U.S. 541 (1967). However, unlike warrants issued for criminal investigations, a warrant to enforce a fire, housing or sanitation code does not need to be supported by probable cause. Id. Rather, that kind of search is valid under the Fourth Amendment so long as "the regulatory package that includes compulsory inspections" is reasonable. Platteville Area Apartment Association v. City of Platteville, 179 F.3d 574, 578 (7th Cir. 1999). The lower standard exists because the government cannot "enforce such a code without occasional inspections; the [owners] cannot be counted upon to report violations. . . . And it is impossible to rely on a system of inspections to enforce the code without making them compulsory, since violators will refuse to consent to being inspected." Id.

The county has a legitimate interest in enacting ordinances that require homeowners to maintain sanitary conditions because failing to do so could be "hazardous to public health

5

and safety." Camara, 387 U.S. at 535. Plaintiff does not argue otherwise, but he suggests that the county did not have a legitimate interest in applying the regulations to *him* because his home is "in the middle of approximately 100 acres of land in a gravel pit that has no Navigable Waterways within a half mile or so." Plaintiff does not explain why the government's interest in sanitation is eliminated simply because his land does not contain or abut "navigable waters." In any event, plaintiff cites no authority that would require the government to justify individually each inspection it conducts. The question is whether "the regulatory package that includes compulsory inspections" is reasonable, not whether the government can show that the purpose of the regulation is served for each inspection.

Finally, plaintiff says that the warrant authorizing the inspection is invalid because it did not bear the "Official Seal of any court with valid jurisdiction" and was not accompanied by an affidavit. Again, plaintiff cites no authority that imposes these requirements. In Platteville, 179 F.3d at 578, the court held that the warrant must "be (1) under oath and describe with particularity (2) the place to be searched and (3) the persons or things to be seized." The warrant in this case (which is attached to plaintiff's complaint at Exhibit E) is made under oath, describes plaintiff's property with particularity and states that the purpose of the inspection is to determine whether plaintiff is complying with the Burnett County Sanitary Code and the Wisconsin Administrative Code.

All of plaintiff's claims are contingent on his belief that defendant Flanigan did not

have authority to order an inspection of plaintiff's property. For example, plaintiff names defendants that he believes should have fired Flanigan. Some defendants are named simply because they are married to other defendants. Because plaintiff's claim against Flanigan must be dismissed, this case must be dismissed in its entirety.

ORDER

IT IS ORDERED that

1. The motions to dismiss filed by (a) defendant Carl Lippert, dkt. #10; (b) defendants Town of Daniels, Donna Tjader, Timothy Tjader, Kelly Fisher, Edward Fisher, Karla Peterson and Daniel Peterson, dkt. #18; (c) defendants Burnett County, Tracy Finch, Charles Awe, Helen Lindeman, Philip Lindeman, Candace Fitzgerald, Donna Grindell, David Grindell, Beverly Flanigan and James Flanigan, dkt. #24; and (d) Debbie Lippert, dkt. #27, are GRANTED and this case is DISMISSED for plaintiff Edward Cycenas's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment in favor of defendants and close

this case.

Entered this 7th day of October, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge